**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SYED SHAMSUZZAMAN,**

    **Plaintiff,**

**v.**                                                                                    **Case No: 6:19-cv-164-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Syed Shamsuzzaman ("Claimant") appeals the Commissioner of Social Security's final decision denying his application for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 18 at 11-16, 22-25). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that his decision is supported by substantial evidence and should be affirmed. (*Id*. at 16-22, 24-25). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.**     **Procedural History**

This case stems from the Claimant's application for disability insurance benefits. (R. 168-69). The Claimant alleged a disability onset date of August 31, 2014. (R. 168). The Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who, after holding a hearing (R. 33-57), entered a decision on February 7, 2018 denying the Claimant's application for disability benefits. (R. 17-27). The Claimant requested review of

the ALJ's decision, but the Appeals Council denied his request for review. (R. 1-3). This appeal followed.

## II. The ALJ's Decision

The ALJ found that the Claimant suffered from the following severe impairments: spine disorders; dysfunction of major joints; and, essential hypertension. (R. 19). The ALJ also found that the Claimant suffered from the following non-severe impairments: irritable bowel syndrome and anxiety disorder. (R. 19-21). The ALJ, however, determined that the Claimant did not have an impairment or combination of impairments that met or medically equaled any listed impairment. (R. 21-22).

The ALJ next found that the Claimant had the residual functional capacity ("RFC") to perform less than a full range of medium work as defined in 20 C.F.R. § 404.1567(c)[1] with the following specific limitations:

> He would require work which is, at most, very low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even though the task[s] themselves might not be considered simple; he could lift or carry 50 pounds occasionally and 20 pounds frequently; he could stand and/or walk (with normal breaks) for a total of 6 hours in an 8-hour workday; he could sit (with normal breaks) for a total of 6 hours in an 8-hour workday; he should avoid frequent ascending and descending stairs; he should avoid frequent pushing and pulling motions with his upper/lower extremities within the aforementioned weight restrictions; due to mild to moderate pain and medication side effects, he should avoid hazards in the workplace such as unprotected areas of moving machinery; heights; ramps; ladders; scaffolds; and on the ground, unprotected areas of holes and pits; he could perform each of the following postural activities frequently: balancing, stooping, crouching, kneeling, and crawling, but not the climbing of ropes or scaffolds, and of ladders exceeding 6 feet; and he has non-exertional limitations which frequently affect his ability to concentrate upon complex or detailed tasks, but he would remain capable of understanding, remembering, and carrying out the job instructions defined earlier; making work related judgments and decisions; responding appropriately to supervision, co-workers and work situations; and dealing with changes in a routine

---

[1] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

work setting.

(R. 22). In light of this RFC, the ALJ found that the Claimant is unable to perform his past relevant work. (R. 25-26). However, the ALJ did find that the Claimant could perform other work in the national economy, including packer agricultural produce, hand packager, and sandwich maker. (R 26-27). In light of these findings, the ALJ concluded that the Claimant was not disabled between his alleged onset date (August 31, 2014) and the date of the ALJ's decision (February 7, 2018). (R. 27).

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. Analysis

The Claimant raises two assignments of error: 1) the ALJ's reasons for discrediting his

testimony are not supported by substantial evidence; and 2) the ALJ's RFC determination does not adequately account for the limitations caused by his mental impairments. (Doc. 18 at 11-16, 22-24). The Court will address each assignment of error in turn.

### A. Credibility

The Claimant challenges the reasons the ALJ articulated in support of his credibility determination, arguing that the ALJ did not explain how some of his reasons contradicted the Claimant's testimony while other reasons were not supported by substantial evidence. (Doc. 18 at 13-16). In response, the Commissioner argues that the reasons articulated in support of the ALJ's credibility determination both support that determination and are supported by substantial evidence. (*Id*. at 17-22).

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including the claimant's history, the medical records and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and

adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

At the hearing, the Claimant testified that due to his physical impairments he can sit for thirty (30) minutes at a time, stand for fifteen to twenty (15-20) minutes at a time, walk half a block before needing to rest, and lift no more than five (5) pounds. (R. 43-44). The Claimant also testified that he has difficultly climbing stairs and bending. (R. 44). As a result of his mental impairments, the Claimant testified that he gets very nervous, has difficulty adjusting to people, and has poor memory and concentration. (R. 39-40). With respect to activities of daily living, the Claimant testified that he spends approximately sixteen hours in bed each day. (R. 40). While in bed, the Claimant watches television and uses his smartphone. (R. 41). The Claimant also testified that he takes care of his personal hygiene, does light cooking and cleaning, goes grocery shopping, and drives when necessary. (R. 45-46).

> The ALJ summarized the Claimant's subjective reports and testimony as follows:
>
> In a function report and agency questionnaires, the claimant alleged debilitating physical symptoms. He reported difficulty with lifting, bending, standing, walking and stair climbing. With regard to household chores, the claimant did not endorse any activities strongly inconsistent with medium level exertion. In pain questionnaires, the claimant reported severe back pain and limited relief with medications. During the hearing, the claimant reiterated these allegations.

(R. 23). Following this summary, the ALJ proceeded to find that while the Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . ., the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are only partially consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (R. 23). In support, the ALJ discussed medical evidence that he apparently found to be inconsistent with the Claimant's testimony concerning the severity of his limitations. (R. 23-24). In addition, the ALJ reasoned:

> [T]he claimant has a wide range of daily activities given the alleged severity of pain and functional limitations. Moreover, the treatment has been mostly conservative and non-aggressive. Nor do the medical records disclose any major concerns about side effects by the several doctors who examined the claimant.

(R. 25). Accordingly, the ALJ found the Claimant's testimony concerning the severity and limiting effects of his impairments not entirely credible because: 1) the medical evidence is inconsistent with the Claimant's testimony; 2) the Claimant's activities of daily living are inconsistent with his testimony; 3) the Claimant's treatment was mostly conservative and non-aggressive; and 4) none of the physicians that examined the Claimant reported any concern about medication side effects. (*Id.* at 23-25).

The Claimant challenges the ALJ's first, second, and third reasons supporting his credibility determination. (Doc. 18 at 13-16). As a result, the Claimant waives any argument challenging the ALJ's final reason – the lack of concern about medication side effects. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court).

With respect to the ALJ's first reason, the Claimant argues that the ALJ "failed to analyze how [the medical] evidence is inconsistent with [his] testimony." (Doc. 18 at 13). The Court disagrees. The ALJ summarized much of the medical evidence, noting the Claimant's reasons for seeking treatment, his diagnoses, and the prescribed treatment. (R. 23-24). In addition, the ALJ noted that many of the Claimant's physical examinations and objective medical tests were either unremarkable or largely unremarkable. (*Id.*). After summarizing the medical evidence, the ALJ concluded that "the functional restrictions alleged by the claimant are only partially[ ] consistent with [the] evidence, as they have been found to be somewhat disproportionate to the clinical findings." (R. 24). While the ALJ's decision is not perfect, it is sufficiently clear that the ALJ discredited the Claimant's testimony, in part, because the functional limitations he identified during

the hearing were inconsistent with the largely unremarkable clinical findings highlighted by the ALJ. The Court therefore finds the ALJ adequately explained that the clinical findings do not support the Claimant's testimony concerning the limitations caused by his impairments.[2]

With respect to the ALJ's second reason, the Claimant argues that the ALJ's determination that he engaged in a "wide range of daily activities" is not supported by substantial evidence. (Doc. 18 at 13-14). The Court cannot determine the merit of this argument because the ALJ's reasoning is conclusory. Specifically, it is unclear what activities the ALJ is referring to when he found that the Claimant's "wide range of daily activities" are inconsistent with his testimony.

The Commissioner attempts to add substance to the ALJ's reasoning by pointing to activities that the Claimant discussed with his physicians, in disability reports, and during the hearing, such as attendance at religious services and working various part-time jobs. (*Id*. at 19-20). However, the ALJ did not mention these activities anywhere in his decision (*See* R. 17-27), and the Court cannot assume that the ALJ relied on those activities in weighing the credibility of the Claimant's testimony. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.")[3] (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To make such assumptions would necessarily require the Court to reweigh the evidence, which is prohibited. *See Phillips*, 357 F.3d at 1240 n.8 (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"). Accordingly, due to the conclusory

---

[2] The Claimant does not go on to argue that the ALJ's first reason is not supported by substantial evidence. (*See* Doc. 18 at 13). The Claimant has therefore waived that argument. *See Crawford*, 363 F.3d at 1161.

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

nature of the ALJ's second reason, the Court cannot say that it supports the ALJ's credibility determination or that the second reason is supported by substantial evidence.

Finally, with respect to the ALJ's third reason, the Claimant argues that the ALJ's determination that his treatment is "mostly conservative and non-aggressive" is not supported by substantial evidence. (Doc. 18 at 14-15). The Court again cannot determine the merit of this argument because the ALJ's reasoning is conclusory. The ALJ does not state what treatment he is referencing, nor does he cite to any specific record evidence or explain how such conservative treatment undermines the Claimant's testimony. *See Gooding v. Comm'r of Soc. Sec.*, No. 6:18-cv-348-Orl-37LRH, 2019 WL 2142952, at *7 (M.D. Fla. May 1, 2019) (finding decision to reject treating physician opinion was not supported by substantial evidence where the ALJ made a broad statement that the claimant's "rather conservative care with normal physical exam findings . . . more appropriately supports light exertional work," without further explanation or citation to any specific evidence in support) *report and recommendation adopted*, 2019 WL 2137414 (M.D. Fla. May 16, 2019). Accordingly, due to the conclusory nature of the ALJ's third reason, the Court cannot say that it supports the ALJ's credibility determination or that it is supported by substantial evidence.[4]

In summary, the Court finds that two of the ALJ's four reasons supporting his credibility determination are not (or cannot be said to be) supported by substantial evidence. The Court is

---

[4] The Claimant also contends that the ALJ did not develop a full and fair record about his inability to afford treatment. (Doc. 18 at 15). This argument misconstrues the ALJ's third reason. While the Claimant testified that he stopped receiving mental health counseling because he was unable to afford that treatment (R. 40), the ALJ did not discredit the Claimant's testimony because he discontinued or did not follow through with recommended treatment. Instead, the ALJ simply determined that the treatment the Claimant did receive, which included mental health treatment, was conservative and non-aggressive. (R. 25). The Court therefore finds the Claimant's argument that the ALJ did not develop a full and fair record unavailing.

unaware of any binding authority about whether the ALJ's credibility determination can stand in such a situation or whether the case must be reversed and remanded. It appears that such a decision is made on a case-by-case basis. *See Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 767-77 (11th Cir. 2014) (finding reversible error based on the ALJ's partially erroneous credibility rationale); *Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (finding remand not warranted even where the ALJ cited an improper reason in support of the adverse credibility determination because sufficient evidence supported other reasons for ALJ's adverse determination); *Dees v. Comm'r of Soc. Sec.*, No. 6:17-cv-1052-ORL-41GJK, 2018 WL 1720937, at *4 (M.D. Fla. Feb. 13, 2018) ("While some of the ALJ's reasons supporting his credibility finding may be supported by substantial evidence, others are not, and thus remand is warranted.") *report and recommendation adopted*, 2018 WL 1705644 (M.D. Fla. Apr. 9, 2018). Under the unique circumstances of this case, the Court cannot say that the ALJ would have reached the same credibility determination absent the second and third reasons. The Court therefore finds that the case must be reversed and remanded to the Commissioner so the ALJ may better articulate the reasons supporting his credibility determination.[5]

---

[5] This issue is dispositive and therefore there is no need to address the Claimant's second assignment of error. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V. Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Douglas A. Walker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA Oho Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801